# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 5, 2017

155103 & (77)

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SANFORD N. LAKIN and CECILIA J.
LAKIN,
          Plaintiffs-Appellants,

v

SR. BARBARA RUND and ST. HUGO OF
THE HILLS CATHOLIC CHURCH,
          Defendants-Appellees,

and

MSGR. ANTHONY TOCCO,
          Defendant.
_____/

SC: 155103
COA: 323695
Oakland CC: 2014-138683-NO

On order of the Court, the motion to extend time to file a reply in support of the application for leave to appeal is GRANTED. The application for leave to appeal the December 1, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*concurring*).

I concur with this Court's order denying leave to appeal because I agree with the Court of Appeals that words charging an individual with a crime only constitute defamation per se if the crime involves moral turpitude or would subject the person to an infamous punishment, and battery does not fall within either of these categories. Contrary to plaintiffs' contention, MCL 600.2911(1) neither explicitly nor implicitly abrogated the common-law rule for defamation per se relating to an allegation of a crime. In addition, while I agree with the Court of Appeals that defendant Rund's statement can be interpreted as imputing to plaintiff Sanford the criminal offense of battery, I do not believe that is the *best* interpretation of the statement. That is, when defendant, a nun,

stated to members of her church that plaintiff, a volunteer church lector, had "put a finger in her chest" during a contentious discussion concerning who should be assigned the reading at a particular mass, I do not believe a battery was necessarily asserted. Instead, it is entirely possible, and indeed more likely, in my opinion, that defendant spoke colloquially and not literally in her descriptions of the encounter and, thus, did not assert that plaintiff battered her, but instead asserted that plaintiff had been overzealous in gesturing while upset in defendant's close proximity. Nevertheless, I agree with the Court of Appeals that we must view the complaint in the light most favorable to plaintiffs, which requires us to assume that defendant did assert that plaintiff battered her.

ZAHRA, J., joins the statement of MARKMAN, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2017



Clerk

p0502